# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF NORTH CAROLINA
# BRYSON CITY DIVISION
# 2:06cv11

| | |
|---|---|
| STELLAR INSURANCE GROUP, INC.; and TOM STALLINGS, <br><br> Plaintiffs, <br><br> Vs. <br><br> CENTRAL COMPANIES, LLC d/b/a and/or a/k/a CENTRAL LEASING MANAGEMENT, INC.; and PEO MANAGEMENT GROUP, INC. d/b/a and/or a/k/a SCI COMPANIES, <br><br> Defendants. | ORDER |

**THIS MATTER** is before the court on plaintiffs' Motion to Hold Proceedings in Abeyance (#31). Entered on November 29, 2006, the Pretrial Order in this matter set a deadline for discovery completion of April 1, 2007, and a deadline for filing dispositive motions of May 1, 2007. See Docket Entry 24. On March 23, 2007, defendants filed their Motion for Enlargement of Time to Respond to Plaintiffs' First Set of Interrogatories and Request for Production of Documents (#26). In that motion, defendants represented to the court that such first-round request was served February 22, 2007, and that plaintiffs agreed to the proposed extension of April 25, 2007. Defendant thereinafter affirmatively stated that "[t]his proposed extension request would not affect other court deadlines." Id., at ¶ 5. The court assumes that plaintiff concurred in such representation.

Plaintiffs have now invoked Rule 56(f), Federal Rules of Civil Procedure, in

**1**

support of its request that the court hold the "summary judgment proceedings in abeyance until discovery can be completed." Docket Entry 31. Plaintiffs propose that the court hold "defendants' motion for summary judgment in abeyance until the anticipated completion date of discovery as contemplated in the Initial Attorneys Conference ...." Id., at 2. In turn, the IAC proposed a completion date of July 1, 2007, for discovery; this court, however, rejected such proposal when the Pretrial Order was entered November 29, 2006.

Inasmuch as the basis for plaintiff's motion is Rule 56(f), the court has closely reviewed that provision:

> **(f) When Affidavits are Unavailable.**
> Should it appear from the affidavits of a party opposing the motion that the party cannot for reasons stated present by affidavit facts essential to justify the party's opposition, the court may refuse the application for judgment or may order a continuance to permit affidavits to be obtained or depositions to be taken or discovery to be had or may make such other order as is just.

Fed.R.Civ.P. 56(f). The court does not have before it an affidavit from plaintiff averring that it cannot present facts essential to justify opposition to defendants' Motion for Summary Judgment. Thus, Rule 56(f) is unavailing. Rather than employ Rule 56(f), plaintiffs appear to be seeking to reopen and enlarge discovery until July 1, 2007, and seek an extension of their time for responding to defendants' Motion for Summary Judgment, which is now due May 17, 2007.

Even if the court were to consider this to be a motion for extension of time, plaintiffs fail to state in such motion whether they have consulted with counsel for defendants, a violation of Local Rule 7.1(A). This is also a violation of the Pretrial

2

Order, which specifically requires, as follows:

> If a party requests an extension of time to respond to discovery requests or to extend the discovery deadline, the result of consultation with opposing counsel must be stated in the motion.

Pretrial Order, at II (G).

While plaintiffs may well have commenced discovery well before the Complaint was filed, it appears from the pleadings now before the court that their first discovery request was served February 22, 2007, some 39 days before discovery closed. While plaintiffs state that written discovery is necessary before noticing the depositions now proposed, the delay in serving written discovery left precious little time - - seven days - - within which to notice and take depositions. As to those seven days, plaintiffs agreed to an extension that placed the defendants' responses outside the time for completion of discovery.

If in fact plaintiffs' first round of discovery was served February 22, 2007, 85 days had by that time passed between the issuance of the Pretrial Order and plaintiffs' service of its first discovery requests.[1] The Pretrial Order was explicit on this topic also:

> Counsel are directed to initiate discovery requests and notice or subpoena depositions sufficiently in advance of the discovery completion deadline so as to comply with this Order. Discovery requests that seek responses or schedule depositions after the discovery completion deadline are not enforceable except by order of the Court for good cause shown.

Id.

---

[1] Inasmuch as discovery requests are not filed, plaintiff may well have been engaged in discovery of which the court is simply not aware.

Plaintiffs' motion, if deemed to be one for enlargement of the time for discovery, will be denied without prejudice as to making a motion that complies with the Local Rules and fills the court in on what discovery efforts were made between November 2006 and February 2007.

Finally, plaintiff has asked for an additional 14 days to respond to the summary judgment motion if this court denies the Rule 56(f) motion. Again, such request does not indicate consultation with opposing counsel. This request will also be denied without prejudice.

Finally, this court is concerned that parties may not be aware of the importance of the Pretrial Order in the Bryson City Division. Cases are not continued, deadlines contained in the Pretrial Order are not routinely enlarged, and the court fully expects counsel to conduct discovery in a manner that does not infringe on time reserved for the court to consider dispositive motions. While all counsel in this matter are seasoned litigators, they are invited to initiate a conference call with the court to discuss Judge Thornburg's trial expectations.

# ORDER

**IT IS, THEREFORE, ORDERED** that plaintiffs' Motion to Hold Proceedings in Abeyance (#31) is **DENIED** without prejudice.

Signed: May 10, 2007

Dennis L. Howell
United States Magistrate Judge