# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF NORTH CAROLINA
# BRYSON CITY DIVISION
# 2:06cv11

| | |
|---|---|
| STELLAR INSURANCE GROUP, INC. and TOM STALLINGS, | )<br>)<br>) |
| Plaintiffs, | )<br>) |
| vs. | )<br>)<br>) |
| CENTRAL COMPANIES, LLC d/b/a and/or a/k/a CENTRAL LEASING MANAGEMENT, INC. and PEO MANAGEMENT GROUP, INC. d/b/a and/or a/k/a SCI COMPANIES, | )<br>)<br>)<br>)<br>)<br>) |
| Defendants. | )<br>) |

## CONSENT PROTECTIVE ORDER GOVERNING PRODUCTION OF CONFIDENTIAL INFORMATION AND MATERIALS

IT IS HEREBY ORDERED, pursuant to Rule 26(c) of the Federal Rules of Civil Procedure, defendants' Renewed Motion for Entry of a Consent Protective Order (#42) is **ALLOWED,** as follows:

1. This Order governs the handling of confidential, non-public, and/or sensitive information, documents, and other materials produced, provided, or obtained in the above-captioned lawsuit (the "Litigation"). Such information, documents, and other materials include but are not necessarily limited to all non-

1

public business, financial, or personal information and records of Plaintiff and/or Defendants and its officers and/or agents, including financial records, and business records that have been or will be provided, produced, or obtained pursuant to interrogatories, document requests, notice(s) of deposition, deposition(s) upon written questions, subpoena(s), or otherwise in this Litigation.

2. Either party may designate as "Confidential" any information, documents, and/or other materials the party believes in good faith contain confidential, sensitive, non-public, and/or privileged information by notifying opposing counsel of the designation specific to the information, document(s), or material(s). All documents clearly marked with the word "Confidential," and all documents, written responses to interrogatories or questions, transcripts, or portions of transcripts otherwise clearly identified as such by a party or its counsel in this Litigation, shall be subject to this Consent Protective Order. For purposes of this Order, such information, documents, and other materials shall be referred to hereafter as "Confidential Materials."

3. Confidential Materials shall be used solely for legitimate purposes of this Litigation including, among other things, use in conjunction with testimony and as exhibits at trial, in conjunction with motions, hearings, depositions, or witness preparation, and preparation for trial or any motion, hearing, deposition, or other

proceeding connected with this Litigation. Such use shall be subject to the restrictions of this Order. Confidential Materials shall not be used in any proceedings other than this Litigation or to further or to disrupt the business interests of any person (other than the preparation and prosecution of claims and defenses in this Litigation). Use or disclosure of Confidential Materials beyond the restrictions of this Order, whether during this Litigation or after its conclusion, may occur only with the express consent of the party who provided or produced the materials or of its counsel of record in this Litigation, or as required by law or by order of any court of competent jurisdiction.

4. Confidential Materials shall not be published, circulated, disclosed, delivered, or made available to anyone who is not a "Qualified Person" as defined in Paragraph 5 of this Order, except as specifically provided herein. In the event a party and/or his/her/its counsel or record deem(s) it necessary for purposes of this Litigation to disclose any documents or other materials designated as "Confidential" to a person who is not a Qualified Person as defined in Paragraph 5, such party or counsel must first obtain the consent of the party that produced the materials or his or its counsel, and upon obtaining consent shall require such person to read this Order and agree, by executing an agreement in the form of "Exhibit A" attached hereto, as follows: (a) to be bound by the terms of this Order; (b) not to disclose, deliver, or

make available Confidential Materials to anyone other than a Qualified Person or other person that has signed an Agreement in the form of Exhibit A; and (c) to use any Confidential Materials solely for the purposes of this Litigation. The party or attorney who discloses, delivers, or makes available the Confidential Materials to the person shall retain all executed agreements in the form of Exhibit A evidencing such an undertaking(s) and shall turn over all such executed agreements to the other party's attorney at his or her request within six (6) months after the Conclusion of this Litigation (after final order of the Court and after all appeal rights have expired) or as otherwise ordered by the Court. It shall not be necessary to secure or obtain executed agreements with respect to Qualified Persons.

5. "Qualified Person(s)" as used in this Order means:

   a. All parties and their attorneys of record in this Litigation, and other employees of such attorneys to whom it is reasonably necessary that Confidential Materials be shown for purposes of this Litigation;

   b. Custodians and/or authors of the Confidential Materials, to whom it is reasonably necessary that the Confidential Materials be shown, provided that such person shall not be deemed "Qualified Persons" with respect to other confidential materials of which the person was not an author or custodian;

c. Any person who is scheduled to testify in this Litigation during preparation for such testimony, provided that such person agrees to be bound by and signs an agreement in the form of Exhibit A prior to disclosure and counsel disclosing the Confidential Materials to such person has a good faith basis for believing the documents are relevant to the person's testimony or knowledge, and provided that such person shall not be deemed a "Qualified Person" with respect to other Confidential Materials which are not relevant to the person's testimony or knowledge;

d. Any other person who is designated as a Qualified Person by agreement of the parties or by order of the Court. The parties will be expected to confer in good faith and not to withhold consent to the designation of a person as a Qualified Person without legitimate reason.

6. Nothing contained in this Order shall limit use of Confidential Materials, consistent with the terms of this Order, at trial of this action or at any hearing or deposition related to this Litigation for any purpose. Prior to offering into evidence or otherwise making public any document or other information deemed Confidential pursuant to this Order, the party offering or making public such document or other information shall notify the opposing party at least ten days in advance of offering or making public such document or other information by written notice and shall not

disclose such document or other information unless the opposing party consents to the disclosure. The parties reserve the right to require the sealing of Confidential Materials, and to object to the production, use, or admission into evidence of any such information, documents, or materials for any reason grounded upon the Federal Rules of Civil Procedure and/or the Federal Rules of Evidence. Further, the parties reserve the right to petition the Court to seal records of the Litigation containing Confidential Materials, and reserve the right to seek additional protective order(s) if the need arises.

7. In the event any party to this Litigation disagrees with the designation of any information, documents, or materials as "Confidential," the restriction of the use or disclosure of such information, documents or materials pursuant to this Order, the party must in good faith attempt to resolve the disagreement on an informal basis. If the parties are unable to resolve the disagreement informally after attempting in good faith to do so, the party seeking disclosure or production of the documents or other information may apply for appropriate relief from the Court. The Court may resolve the dispute upon <u>in camera</u> inspection of the materials designated "Confidential" and may determine upon good cause shown whether the restrictions of this Order should not apply to such materials.

8. Inadvertent or unintentional production of any confidential or privileged documents or other materials, regardless of whether the documents or other materials were designated as "Confidential" or privileged at the time of production, shall not be deemed a waiver or an impairment in whole or in part of a claim of confidentiality or the provisions of this Order, or of any claim of privilege or protection, including but not limited to the attorney-client privilege and the attorney work product doctrine. Within five (5) days of receipt of notice from the party who produced the documents or other materials that any privileged documents or materials were inadvertently or unintentionally produced, counsel so notified after receiving such documents or other materials shall immediately return them to the other party (along with all copies thereof) without further review of the information set forth therein. Use or disclosure of documents or other materials before or without notice that the documents or other materials are deemed to be confidential or privileged shall not constitute a violation of this Order.

9. This Order shall not operate as a waiver by any party to this Litigation of any objection other than Confidentiality to producing or providing any documents, information, or other materials, nor shall it operate as a waiver by any party of any objection to entry of any document or other material into evidence at trial or in any other proceedings in this Litigation on grounds other than those addressed in this

Order.  This Order also does not constitute a waiver of any argument regarding the timeliness of objections or production of documents.

10. After the Conclusion of this Litigation (after final order of the Court and after all appeal rights have expired), all originals and reproductions of any Confidential Materials shall be returned to the party who produced them or shall be destroyed upon that party's request by arrangement of that party and at that party's expense within six (6) months after the Conclusion of this Litigation.

11. Under no circumstance will any party or the representative(s) of any party to this Litigation provide any Confidential Materials that have been provided, produced, or obtained during this Litigation to the press or media, or to any agent or independent contractor working with Plaintiff, or to former employees of Defendants, except as otherwise expressly allowed under the terms of this Order.

12. The ultimate disposition of protected material, designated pursuant to this Order as "Confidential" is subject to a final order of the Court on the completion of litigation.

Signed: May 31, 2007

*Dennis L. Howell*
Dennis L. Howell
United States Magistrate Judge