# IN THE UNITED STATES DISTRICT COURT FOR
# THE WESTERN DISTRICT OF NORTH CAROLINA
# BRYSON CITY DIVISION
# 2:06cv011

| | |
|---|---|
| STELLAR INSURANCE GROUP, INC., and TOM STALLINGS, </br></br>Plaintiffs </br></br>v </br></br>CENTRAL COMPANIES, LLC d/b/a and/or a/k/a CENTRAL LEASING MANAGEMENT, INC.; and PEO MANAGEMENT GROUP, INC. d/b/a and/or a/k/a SCI COMPANIES, </br></br>Defendants. | **ORDER** |

THIS MATTER came on before the court on a hearing as to the plaintiffs' motion which is entitled, "Plaintiffs' Motion Pursuant to Rule 56(f) to Abate Summary Judgment Proceedings" (#36) and plaintiffs' motion entitled, "Plaintiffs' Motion to Extend Discovery Deadlines" (#35). Having conducted a hearing on May 29, 2007, the court enters the following findings, conclusions and order:

## FINDINGS AND CONCLUSIONS

**I. Background**

The allegations and contentions of the plaintiffs and defendants were previously addressed in the Memorandum and Recommendation filed by the undersigned on September 12, 2006 (#17) and are incorporated herein by reference.

On November 29, 2006, the undersigned filed a Pretrial Order and Case Management Plan (#24). In the order the following deadlines were established: Discovery Completion, April 1, 2007; Mediation, April 15, 2007; Motions, May 1, 2007; and Trial, first session in October 2007. These deadlines were not in conformity with those suggested by the parties

in their Certification and Report of Initial Attorneys Conference (#23). The court modified those deadlines because the deadlines suggested by the parties did not allow for a trial of this case within one year after the filing of the answer. That timing is the goal of the District Court for the Asheville and Bryson City Divisions of the Western District of North Carolina.

A motion was filed by the defendants on March 23, 2007, requesting that an extension of time be granted for the defendants to respond to interrogatories and request for production of documents presented to the defendants by the plaintiffs. In the motion it was stated that the defendants' counsel had consulted with plaintiffs' counsel and that plaintiffs' counsel did not object to the defendants receiving an extension up to and including April 25, 2007, to respond to the interrogatories and the request for production of documents. It was represented to the court, in the motion, that the proposed extension would not require a change of court deadlines. The motion was allowed by Order (#27) of the court filed on March 26, 2007. On April 30, 2007, the defendants filed a Motion for Summary Judgment (#30) along with a Memorandum of Law in Support of Motion for Summary Judgment (#30-2). On May 10, 2007, the plaintiffs presented a motion entitled, "Motion to Hold Proceedings in Abeyance" (#31). In the motion, the plaintiffs refer to FRCP 56(f) and state that the Certification and Report of Initial Attorneys Conference had set July 1, 2007, as the cutoff date for discovery and that the plaintiffs had been under the misapprehension that was the date that discovery would have to be completed. The plaintiffs requested further time to complete discovery and then to respond to the Motion for Summary Judgment of the defendants. The plaintiffs did not file, at that time, any affidavit in support of the motion as required by FRCP 56(f). The court denied the motion of the plaintiffs without prejudice by order dated May 11, 2007. The plaintiffs have now filed a motion entitled, "Motion to Extend Discovery Deadlines, Pursuant to Rule 6(b) of the Federal Rules of Civil Procedure"

2

and have also filed a motion entitled, "Plaintiffs Motion Pursuant to Rule 56(f) to Abate Summary Judgment Proceedings." These motions were supported by affidavit of plaintiffs' counsel and a supporting memorandum. (#35) (#36) (#36-2) and (#37). A hearing was held in regard to the motion of the plaintiffs on May 29, 2007 before the undersigned. In the affidavit presented by plaintiffs' counsel, pursuant to Rule 56(f), he avers that he was under the mistaken impression that the Pretrial Order and Case Management Plan had used the same deadlines as the Certification and Report of Initial Attorneys Conference which set forth that discovery was not required to be completed until July 1, 2007. The date that discovery was to be completed, as set forth in the Pretrial Order and Case Management Plan, was April 1, 2007. In the affidavit presented by plaintiffs' counsel he states he inadvertently placed the Pretrial Order in the plaintiffs' file without having reviewed it and was thus unaware of the change in the various deadlines. Plaintiffs' counsel also avers that he has not received all of the documents that he had requested in a request for production of documents which he had served upon the defendants and that it is necessary that he receive all of the documents to be in a position to take Rule 30(b)(6) depositions of officers of the defendants. He further states that it is necessary that the plaintiffs be given an opportunity to then depose several officers of the defendants for plaintiffs' counsel to be able to adequately respond to the defendants' Motion for Summary Judgment. He further avers that he has attempted to schedule the depositions but has been unable to do so. In the motion, plaintiffs' counsel requests that the court extend discovery deadlines to give him an opportunity to obtain the documents and to take the depositions which would allow him to then adequately respond to the defendants' Motion for Summary Judgment.

The defendants did not respond in writing to the motions of the plaintiffs, but did respond orally at the hearing which was held on May 29, 2007. At the hearing, the defendants contended that to grant the motion of the plaintiffs would prejudice the

defendants because the defendants had already filed their Motion for Summary Judgment along with supporting affidavits and materials. The defendants further contend that they have taken the deposition of the plaintiff Tom Stallings and that the testimony of Mr. Stallings supports the defendants' Motion for Summary Judgment and thus it would be futile to allow additional time for the plaintiffs to complete discovery. The plaintiffs did respond to the defendants' Motion for Summary Judgment by filing a responsive brief and materials on May 24, 2007. (#39) During the hearing, the parties also discussed the entry of a protective order governing the protection of the documents that had either been delivered or were to be delivered by the defendants to the plaintiffs.

**Standard for Review**

Federal Rule of Civil Procedure 56(f) states as follows:

**(f) When Affidavits are Unavailable.**

Should it appear from the affidavits of a party opposing the motion that the party cannot for reasons stated present by affidavit facts essential to justify the party's opposition, the court may order a continuance to permit affidavits to be obtained or depositions to be taken or discovery to be had and make such other order as is just.

The denial of a Rule 56(f) motion is reviewed under an abuse of discretion standard. Nguyen v. CNA Corporation, 44 F.3d 234 (4th Cir. 1995)

**Discussion**

At the hearing of May 29, 2007 the defendants cited to the court the case of Nguyen v. CNA Corporation, 44 F.3d 234 (4th Cir. 1995) as supporting the defendants' objection to granting the plaintiffs' motion. An examination of Nguyen shows in that case the plaintiff filed a motion, pursuant to Rule 56(f) requesting further time to complete discovery but failed to file an affidavit specifying which aspects of discovery was going to require more time to complete.

The Fourth Circuit stated:

> As we have previously held, "A party may not simply assert in its brief that discovery was necessary and thereby overturn summary judgment when it failed to comply with requirements of Rule 56(f) to set out reasons for the need for discovery in an affidavit". <u>Hayes v. North State Law Enforcement Officers Ass'n</u>, 10 F.3d 207, 215 (4th Cir. 1993) quoting <u>Sweats Fashions, Inc. v. Pannill Knitting Co.</u>, 833 F.2d 1560, 1567 (Fed. Cir. 1987); see also <u>Pattington Partners v. Bouchard</u>, 34 F.3d 1132, 1137 (2d Cir. 1994) A reference to Rule 56(f) and to the need for additional discovery in a memorandum of law in opposition to a motion for summary judgment is not an adequate substitute for a Rule 56(f) affidavit and the failure to file an affidavit under Rule 56(f) is itself sufficient grounds to reject a claim that the opportunity for discovery was inadequate.

In this case, the undersigned dismissed the previous motion (#31) made by the plaintiffs due to the failure of the plaintiffs to file such an affidavit. (#32) The plaintiffs have now supported their motion with such a supporting affidavit. In the affidavit, plaintiffs' counsel avers that he has been unable to obtain documents which he states that he needs for the plaintiffs to adequately respond to the defendants' Motion for Summary Judgment and further, without these documents, the Rule 30(b)(6) depositions of the defendants necessary to defend the defendants' Motion for Summary Judgment cannot be conducted.

> The cases construing Rule 56(f) suggest that the denial of a Rule 56(f) application is generally disfavored where the party opposing summary judgment makes (a) a timely application which (b) specifically identifies (c) relevant information (d) where there is some basis for believing that the information sought actually exists. Summary denial is especially inappropriate where the materials sought is also the subject of outstanding discovery requests.

<u>Visa International Service Association v. Bankcard Holders of America</u>, 784 F.2d 1472 (4th Cir. 1986)

It appears that the plaintiffs have made a request for discovery which was on the borderline of timely. It appears to the court that the information sought by the plaintiffs is relevant information and that there is some basis for believing that the information sought actually exists. The plaintiffs have shown that they sought the materials through outstanding discovery requests. The plaintiffs have further shown that they have attempted to schedule

5

the Rule 30(b)(6) depositions so that they can defend the Motion for Summary Judgment filed by the defendants.

There are other factors which the undersigned has considered. A denial of a Rule 56(f) motion is particularly inappropriate where the materials sought are the object of outstanding discovery. Strag v. Board of Trustees, 55 F.3d 943 (4th Cir. 1995). There are outstanding discovery requests from the plaintiffs to the defendants pending at this time. An additional factor which has been considered is that the case law indicates that the court should hesitate before denying Rule 56(f) motions when the party opposing summary judgment is attempting to obtain necessary discovery from information possessed only by its opponent. Ingle v. Yelton, 439 F.3d 191 (4th Cir. 2006) In the instant case, the information that is being sought and the witnesses sought to be deposed are in the possession or control of the defendants or are officers of the defendants.

On the other hand, the undersigned is concerned about the fact that the plaintiffs did not begin discovery for a period of 85 days from the issuance of the Pretrial Order and Case Management Plan and served the plaintiffs' first discovery requests on February 22, 2007, which was only 39 days before discovery was to have closed. Lonestar Steakhouse & Saloon, Inc. v. Alpha of Virginia, Inc., 43 F.3d 922 (4th Cir. 1995) Plaintiffs' counsel has admitted that he did not review the Pretrial Order and Case Management Plan which set the various deadlines and assumed that the undersigned had entered an order in accordance with the Certification and Report of Initial Attorneys Conference. Additionally, the court has considered the well-founded objections of the defendants to the plaintiffs' motion.

After weighing and considering all of the above referenced factors and making a detailed examination of the law, the undersigned has reached the opinion that the better application of the discretion of the court would be to grant the plaintiffs' motion and to

provide the plaintiffs with time to complete discovery as was described by their attorney at the hearing. To deny the plaintiffs' motion could be considered as an abuse of discretion. This court considers the better choice would be to get all discovery completed so that other rulings can be made based upon all of the evidence. The court will extend the period of discovery in this matter up to and including July 12, 2007. This extension should give the plaintiffs an opportunity to make full discovery. Webster v. Rumsfeld, 156 Fed. Appx. 571 (4th Cir. 2005). The plaintiffs shall be granted until July 19, 2007, to amend their response to the defendants' Motion for Summary Judgment based upon any discovery that has been completed by the July 12, 2007 deadline.

**ORDER**

IT IS, THEREFORE, **ORDERED** that the Plaintiffs' Motion to Extend Discovery Deadlines (#35) and second motion, pursuant to Rule 56(f) (#36) are hereby **ALLOWED** and it is further **ORDERED** that the court extend the period of discovery in this matter up to and including July 12, 2007 and plaintiffs shall be granted until July 19, 2007 to amend their response to the defendants' Motion for Summary Judgment based upon any discovery that has been completed by July 12, 2007, and defendants shall have until July 26, 2007, to reply.

Signed: June 12, 2007

Dennis L. Howell
United States Magistrate Judge