IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
BRYSON CITY DIVISION
2:06cv11

STELLAR INSURANCE GROUP, INC.; )
and TOM STALLINGS, )
 )
      Plaintiffs, )
 )
Vs. )    ORDER
 )
CENTRAL COMPANIES, LLC d/b/a )
and/or a/k/a CENTRAL LEASING )
MANAGEMENT, INC.; and PEO )
MANAGEMENT GROUP, INC. d/b/a )
and/or a/k/a SCI COMPANIES, )
 )
      Defendants. )
_____)

**THIS MATTER** is before the court on plaintiffs' Motion for Voluntary Dismissal of Count II of the Complaint. The district court held in Gahagan v. North Carolina Hwy. Patrol, 1:00cv52 (W.D.N.C. Oct. 25, 2000):

> Rule 41 . . . speaks only to the dismissal of "actions." Plaintiff does not seek, at this juncture, to dismiss the entire action; rather, as stated *supra*, he wishes to dismiss certain claims within this action . . . . Rather than a Rule 41 dismissal, the Plaintiff should seek to amend his complaint by meeting the requirements of Rule 15. "A plaintiff wishing to eliminate particular claims or issues from the action should amend the complaint under Rule 15(a) rather than dismiss under Rule 41(a)." *Moore's Federal Practice 3d*, § 41,21[2] (citing Skinner v. First Am. Bank of Virginia, 64 F.3d 659 (table), 1995 WL 507264 (4th Cir. 1995).

Id. While the court appreciates that plaintiffs are attempting to narrow the issues for trial - - an admirable goal - - it would appear that a motion to dismiss under Rule 41 is not the proper vehicle. Instead, a motion to amend would be the appropriate method for dropping claims, and it appears that plaintiffs have filed such a motion

1

which is not yet ripe for consideration. Having considered plaintiffs' motion and reviewed the pleadings, the court enters the following Order.

**ORDER**

**IT IS, THEREFORE, ORDERED** that plaintiffs' Motion for Voluntary Dismissal of Count II of the Complaint (#50) is DENIED without prejudice.

Signed: August 7, 2007

Dennis L. Howell
United States Magistrate Judge